### GOLDEN v. STATE ex rel. MOTHERSEAD et al.

No. 18770. Opinion Filed Oct. 2, 1928.

Rehearing Denied Oct. 23, 1928.

W. J. Hulsey and Lena Hulsey for plaintiff in error.

J. E. Layden, for defendants in error.

HEFNER, J. State of Oklahoma ex rel. O. B. Mothersead, State Bank Commissioner, as plaintiff, brought this action against Louis Golden, as defendant, in the district court of Pittsburg county to recover from the defendant $500; and alleged that the defendant was the owner of $500 of the capital stock in the First State Bank of Gowen at the time the bank was closed by the State Bank Commissioner, and that he was liable in the sum of $500 under the stockholder's double liability provision of the Oklahoma statutes. The defense was that the defendant was never the owner of the stock.

The defendant below in his brief admits that if he was the owner of five shares of stock of the face value of $500 in the First State Bank of Gowen at the time it was closed by the State Bank Commissioner on May 12, 1924, or within the statutory period for such liability, he is liable for the amount sued for. It is further admitted in his brief that this is the only proposition open to argument, and this is the only proposition argued in his brief.

Under the proposition stated, the defendant urges that the minutes of the bank were not properly identified and therefore not properly admitted as evidence for the purpose of showing that the defendant owned five shares of the stock of the bank. The evidence discloses that E. W. Fry was the cashier of the bank from the time it opened until it closed, and that the certificates of stock issued to the defendant and the stubs thereof were in his handwriting; that the minutes of the bank introduced in evidence had been in his care and control from the time the bank opened until it closed; and that the minutes introduced were the original minutes. On the closing of the bank the minutes were delivered by the cashier to Mr. Sims, the liquidating agent. With the exception of the organization papers, all of the minutes and papers introduced in evidence were written by the cashier. The records of the bank, as introduced in evidence, also disclosed that the defendant owned the stock as alleged in the petition. The liquidating agent also testified that the minutes had been in his possession since the bank closed. Under these facts the court committed no error in permitting the records of the bank to be introduced in evidence.

The defense was that, while the certificates stood in the name of the defendant, they, in fact, belonged to the defendant's son, F. J. Golden. This issue was submitted under proper instructions to the jury, and the jury returned a verdict in favor of the plaintiff in the sum of $500. The rule in this state is universal that a judgment of the trial court based upon a verdict of the jury in a law case will not be reversed on appeal if there is any competent evidence which reasonably tends to support it, and that questions of fact are exclusively within the province of the jury, and where questions of fact are submitted to a jury and the instructions of the court fairly state the law, this court will not disturb the verdict.

The records of the bank disclose that the defendant was a stockholder as was alleged in the petition. The records further disclose that he was present and participated in certain meetings of the stockholders. The record contains other evidence tending to show that the stock was owned by him.

There was competent evidence which reasonably supported the verdict of the jury, and the judgment of the trial court is therefore affirmed.

MASON, V. C. J., and HARRISON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.